Mario D. Valencia (SBN 6154)
**MARIO D. VALENCIA, ATTORNEY AT LAW, LLC**
40 S. Stephanie St., Suite 201
Henderson, NV 89012
Telephone: 702-384-7494
Facsimile: 702-384-7545
valencia.mario@gmail.com

Attorney for Defendants HYUNDAI MOTOR AMERICA and HYUNDAI MOTOR COMPANY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SY VUCIC,

Plaintiff,

vs.

HYUNDAI MOTOR AMERICA, a California Corporation; HYUNDAI MOTOR COMPANY, a foreign corporation, and DOES I-X AND ROE CORPORATIONS I-X inclusive,

Defendants.

Case No. 2:26-cv-01512

**DEFENDANT HYUNDAI MOTOR AMERICA'S NOTICE OF REMOVAL OF CIVIL ACTION**

Defendant HYUNDAI MOTOR AMERICA ("HMA") removes the case captioned Sy Vucic, Plaintiff v. Hyundai Motor America, a California Corporation; Hyundai Motor Company, a foreign corporation, and Does I-X and Roe Corporations I-X inclusive, Defendants, Civil Action No. A-26-942253-C, pending in the District Court, Clark County, Nevada, to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, HMA states as follows:

**<u>Procedural History</u>**

1. On March 23, 2026, Plaintiff filed a Complaint in the District Court of the State of Nevada in and for the County of Clark, case number A-26-942253-C (the "Civil Action") against Defendants, Hyundai Motor America, a California corporation; and Hyundai Motor Company, a foreign corporation. *See* Plaintiff's Complaint, attached as Exhibit "A."

2. HMA was served with process within the meaning of 28 U.S.C. § 1441(b)(2)

on April 27, 2026. *See* Affidavit of Service on HMA, attached hereto as Exhibit "B."

3. Upon information and belief, no other defendant has been served with process within the meaning of 28 U.S.C. § 1441(b)(2).

4. Copies of all pleadings and documents filed in the Civil Action to date are attached collectively as Exhibits "A" and "B."

5. This lawsuit is a civil action within the meaning of 28 U.S.C. §§ 1441(a) and 1446(b).

6. HMA's basis of removal to federal court is original jurisdiction pursuant to 28 U.S.C. § 1441(a). This Court possesses original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because, as set forth in the Complaint:

a. Plaintiff is a citizen of the State of Nevada;

b. Defendant, Hyundai Motor America is a citizen of the State of California;

c. Defendant, Hyundai Motor Company, who has not yet been served, is a citizen of the Republic of Korea;

d. No other plaintiffs or defendants have been named as parties in the Civil Action; and

e. The amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

**Venue**

7. Venue is proper pursuant to 28 U.S.C. § 1441(a) which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the District of Nevada embraces Clark County, Nevada, the place where the Civil Action was filed and where Plaintiff resides.

**Diversity of Citizenship**

8. Upon information and belief, Plaintiff is a citizen and resident of Clark County, Nevada. (Ex. A at ¶ 1).

9. A corporation is deemed to be a citizen of any State by which it is has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

10. Hyundai Motor America ("HMA") is a corporation organized and existing pursuant to the laws of the State of California with its principal place of business located in Fountain Valley, California. Therefore, HMA is a citizen of the State of California for diversity purposes.

11. Hyundai Motor Company is a corporation organized and existing pursuant to the laws of the Republic of Korea with its principal place of business located in Seoul, South Korea. Therefore, Hyundai Motor Company is a citizen of South Korea for diversity purposes.

12. Removal is proper under 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the value of $75,000, exclusive of interest and costs," and is between citizens of different states.

**<u>Amount in Controversy Exceeds $75,000</u>**

13. Plaintiff alleges that she has "sustained injuries to, including, but not limited to tinnitus, hearing loss, headaches, anxiety and vertigo/balance disturbance," and that "Plaintiff has been required to, and has limited occupational and recreational activities, which have caused and shall continue to cause physical impairment, mental anguish, and loss of enjoyment of life in presently unascertainable amount." (Ex. A at ¶¶ 16–17). Plaintiff's counsel has asserted in pre-suit communications to HMA that Plaintiff's losses for these injuries exceed $75,000.00.

14. Further, Plaintiff asserts negligence, strict product liability, breach of warranty, and statutory violation claims against HMA for personal injuries caused by alleged defects in a 2016 Hyundai Accent. While Plaintiff's Complaint does not specify an amount certain in damages, the alleged injuries detailed in the Complaint appear significant. Common sense counsels that the amount in controversy exceeds $75,000. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). ("Courts may use their judicial experience and common

sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.”).

15. Accordingly, the amount in controversy in this case exceeds $75,000, exclusive of interests and costs, and this action is removable to this Court under 28 U.S.C. §§ 1441(a) and 1332(a).

**Removal is Timely**

16. Removal by Defendant is timely, pursuant to 28 U.S.C. § 1446, in that this Notice is filed within 30 days after service of the Summons and Complaint upon Defendant HMA.

WHEREFORE, for the foregoing reasons, HMA removes this matter to this Court pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446.

DATED this 18th day of May, 2026.

*/s/ Mario D. Valencia*

Mario D. Valencia (SBN 6154)
**MARIO D. VALENCIA, ATTORNEY AT LAW, LLC**
40 S. Stephanie St., Ste. 201
Henderson, NV 89012
(702) 384-7494

*Attorney for Defendants HYUNDAI MOTOR AMERICA and HYUNDAI MOTOR COMPANY*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 18, 2026, a true and correct copy of the foregoing **DEFENDANT HYUNDAI MOTOR AMERICA'S NOTICE OF REMOVAL OF CIVIL ACTION** was electronically filed with the United States District Court for the District of Nevada. A copy of the foregoing pleading was also served upon the following attorney of record for Plaintiff by e-mail:

Thomas Friedman
PRECISION INJURY LAW
5528 South Fort Apache Road
Las Vegas, NV 89148
Telephone: (702) 942-3900
Facsimile: (702) 942-3901
tom@precisioninjurylaw.com
*Attorneys for Plaintiff Sy Vucic*

*/s/ Mario D. Valencia*
MARIO D. VALENCIA

# EXHIBIT A

EXHIBIT A

Electronically Filed
3/23/2026 2:18 PM
Steven D. Grierson
CLERK OF THE COURT

Thomas Friedman, Esq. (Bar #7708)
PRECISION INJURY LAW
5528 South Fort Apache Road
Las Vegas, NV 89148
(702) 942-3900
(702) 942-3901 FAX
tom@precisioninjurylaw.com
Attorneys for Plaintiff Sy Vucic

CASE NO: A-26-942253-C
Department 8

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| SY VUCIC,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, a California Corporation; HYUNDAI MOTOR COMPANY, a foreign corporation, and DOES 1 - X AND ROE CORPORATIONS 1 - X inclusive,<br><br>Defendants. | CASE NO:<br><br>DEPARTMENT:<br><br>COMPLAINT |

Sy Vucic ("Plaintiff"), by and through her attorneys of record, Thomas Friedman, Esq. at Precision Injury Law, and for causes of action against Defendants, alleges as follows:

**THE PARTIES**

1. At all relevant times Plaintiff SY VUCIC was a resident of Clark County,

Nevada.

2. At all relevant times, upon information and belief, Defendant Hyundai Motor America was a California corporation with its headquarters and principal place of business in Fountain Valley, California.

3. At all relevant times, upon information and belief, Defendant Hyundai Motor Company is a South Korean corporation and the parent company of Hyundai Motor America, Inc. The two defendants, Hyundai Motor America and Hyundai Motor Company, are referred to collectively in this complaint as "Hyundai."

4. The true names or capacities, whether individual, corporate, association or otherwise, of Defendants DOES I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believe and therefore alleges that each of the Defendants, DOES I through X, and ROE CORPORATIONS I through X, are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint, to insert the true names and capacities of DOES I through X, and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendants in this action.

## JURISDICTION AND VENUE

5. The Eighth Judicial District Court possesses subject matter jurisdiction over this matter pursuant to Article 6, Section 6 of the Constitution of the State of Nevada as Plaintiff is claiming damages which exceed $15,000.00.

6. The Eighth Judicial District Court has personal jurisdiction over the Defendants pursuant to NRS 14.065.

7. Venue is proper in the Eighth Judicial District Court pursuant to NRS 13.040.

## GENERAL ALLEGATIONS

8. Defendants Hyundai are in the business of manufacturing, selling, and distributing motor vehicles and related equipment and services.

9. On or about October 22, 2024 the Plaintiff was operating her Hyundai Accent ("Accent") on the freeway in Clark County, Nevada.

10. At that time, without any collision, impact, or external triggering event, the airbags in the Accent suddenly and violently deployed.

11. There was no contact with another vehicle, object, debris, or roadway condition that would justify or trigger airbag deployment.

12. The unexpected deployment caused a loud explosive force inside the cabin, startling Plaintiff and creating an immediate risk of loss of vehicle control.

13. As a result of the defective airbag detonation, the Plaintiff suffered

injury.

14. The airbag deployment was the result of a defect in the design, manufacture, and/or control systems of the Accent, including but not limited to the crash sensing system, airbag control unit, wiring, or related components.

15. The Plaintiff is the type of person that would foreseeably be damaged by Defendants' conduct as described herein.

16. As a direct and proximate result of Defendants' conduct, Plaintiff sustained injuries to, including, but not limited to tinnitus, hearing loss, headaches, anxiety and vertigo/balance disturbance, causing damage in excess of $15,000.00.

17. As a direct and proximate result of Defendants' conduct, Plaintiff has been required to, and has limited occupational and recreational activities, which have caused and shall continue to cause physical impairment, mental anguish, and loss of enjoyment of life in presently unascertainable amounts.

18. As a direct and proximate result of Defendants' conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION

**(Negligence)**

19. Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

20. At all times relevant, Defendants, and each of them, owed a duty to inspect for and warn Plaintiff of the non-obvious and dangerous condition of the Accent and/or to otherwise make it safe for its intended use.

21. Defendants, and each of them, knew or should have known the purpose and use intended for the Accent.

22. Defendants breached their duties of care by failing to inspect for and warn Plaintiff of the hazard of the Accent.

23. Defendants further failed to make the Accent safe prior to the Subject Incident.

24. Defendants' breach of their duties was the legal and proximate cause of Plaintiff's injuries.

25. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiff suffered severe injuries, as well as pain and suffering.

26. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiff incurred medical expenses.

27. Plaintiff has been damaged by the negligence of Defendants, and each of them, in an amount in excess of $15,000.00.

28. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiff has had to retain the services of the law

offices of PRECISION INJURY LAW to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

**SECOND CAUSE OF ACTION**

**(Strict Products Liability - Defective Design/Manufacturing Defect)**

29. Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein

30. On information and belief, Defendants, and each of them, designed, produced, manufactured, sold, distributed, and marketed the Accent.

31. On information and belief, the Accent was in an unsafe, defective, and unreasonably dangerous condition that was hazardous to users like Plaintiff.

32. The Accent lacked adequate warnings, notices, and/or instructions.

33. The Accent was expected to, and did, reach the usual consumers and other persons coming into contact with the Accent, including Plaintiff, without substantial change in the condition in which it was designed, produced, manufactured, sold, distributed, and marketed by Defendants.

34. Defendants knew or should have known that the Accent was defective and unsafe, even when used in the form and manner intended, but allowed the Accent to be placed into the stream of commerce, nonetheless.

35. The Accent failed to safely perform as an ordinary consumer would reasonably expect.

36. Plaintiff was injured while using the Accent for its intended purpose and in a manner foreseeable to Defendants.

37. On information and belief, and at all times relevant, Defendants had a duty to design, produce, manufacture, sell, distribute, label, and market a product that was not unreasonably dangerous for its normal, intended use.

38. Defendants designed, produced, manufactured, sold, distributed, labeled, and marketed a defective product, which when used in its intended or reasonably foreseeable manner, created an unreasonable risk to consumers and to Plaintiff, causing Plaintiff to sustain serious injuries and pain and suffering.

39. Defendants' aforementioned breaches of their duties were the legal and proximate cause of Plaintiff's injuries and damages.

40. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiff suffered severe injuries, as well as pain and suffering.

41. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiff incurred medical expenses.

42. Plaintiff has been damaged by the negligence of Defendants, and each of them, in an amount in excess of $15,000.00.

43. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiff has had to retain the services of the law

offices of Precision Injury Law to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## THIRD CAUSE OF ACTION

**(Breach of Warranty against All Defendants)**

44. Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

45. Defendants were engaged in the business of designing, manufacturing, selling/leasing, distributing, repairing, and/or maintaining the Accent for members of the general public, including the Plaintiff.

46. Defendants, by placing the Accent into the stream of commerce, impliedly warranted to the public, generally, and to Plaintiff, specifically, that the Accent was of merchantable quality.

47. At the time of the Subject Incident, the Accent was neither merchantable nor fit for its intended use as represented by Defendants.

48. Defendants knew, or reasonably should have known, of the purpose for which Plaintiff used the Accent, that Plaintiff was relying on Defendants' skill and judgment to select and furnish a suitable product, and that the Accent was neither merchantable nor fit for the purpose for which it was intended to be used.

49. Defendants' respective breaches of warranty were the legal and proximate cause of Plaintiff's injuries.

50. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiff suffered severe injuries, as well as pain and suffering.

51. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiff incurred medical expenses.

52. Plaintiff has been damaged by the negligence of Defendants, and each of them, in an amount in excess of $15,000.00.

53. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiff has had to retain the services of the law offices of Precision Injury Law to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## FOURTH CAUSE OF ACTION

**(Breach of Written Warranty Pursuant to the Magnuson-Moss Warranty Act Section 2301 et seq., Title 15, U.S. Code and NRS 597.630)**

54. Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

55. Plaintiff purchased a consumer product during the duration of the written warranty period applicable to the Accent.

56. Defendants are engaged in the business of making a consumer product directly available to the Plaintiff.

57. The Magnuson Moss Warranty Act applies because the vehicle was

manufactured and purchased after July 4, 1975, and cost in excess of $10.

58. The Defendants issued and supplied to Plaintiff written warranties.

59. The Plaintiff suffered damages as a direct and proximate result of the Defendants' failure to comply with the written warranty.

60. Plaintiffs have suffered damages in an amount in excess of $15,000.00.

61. Plaintiff has been damaged by the negligence of Defendants, and each of them, in an amount in excess of $15,000.00.

62. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiff has had to retain the services of the law offices of Precision Injury Law to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## FIFTH CAUSE OF ACTION

**(Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act and NRS 104.2314(2)(c))**

63. Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

64. No supplier may disclaim or modify any implied warranty to a consumer with respect to a consumer product if a supplier makes any written warranty to the consumer with respect to such consumer which applies to a consumer product. See 15 U.S.C. § 2308 (a).

65. Defendants are the supplier of the subject Accent and provided Plaintiff

with a written warranty.

66. Any attempts to disclaim the implied warranty of merchantability by Defendants are invalid. 15 U.S.C. § 2308 (c) ("A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this chapter and State law").

67. Because of its defects and repair history, the Accent is not fit for its ordinary purpose of daily driving and is not of adequate quality.

68. Defendants breached the implied warranty of merchantability to Plaintiff under NRS 104.2314(2)(c).

69. Plaintiff has been damaged by the negligence of Defendants, and each of them, in an amount in excess of $15,000.00.

70. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiff has had to retain the services of the law offices of Precision Injury Law to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, reserving the right to amend this Complaint at the time of trial to include all items and damages not yet ascertained, prays for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount in excess of $15,000.00, the exact

amount of which to be determined at trial;

2. For special damages sustained by Plaintiff in an amount in excess of $15,000.00;

3. For reasonable attorney's fees and costs;

4. For Defendants to buy-back Plaintiff's Accent;

5. For interest at the statutory rate;

6. For attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter as authorized by 15 U.S.C. § 2310(d)(2); and,

7. For such other relief as the Court deems just and proper

DATED: March 23, 2026

**PRECISION INJURY LAW**

By: /s/ *Thomas Friedman*

Thomas Friedman, Esq. (Bar #7708)
PRECISION INJURY LAW
5528 South Fort Apache Road
Las Vegas NV 89148
Attorneys for Plaintiff Sy Vucic

# EXHIBIT B

EXHIBIT B

Electronically Filed
4/30/2026 4:08 PM
Steven D. Grierson
CLERK OF THE COURT

Thomas Friedman, Esq. (Bar #7708)
PRECISION INJURY LAW
5528 South Fort Apache Road
Las Vegas, NV 89148
(702) 942-3900
(702) 942-3901 FAX
tom@precisioninjurylaw.com
Attorneys for Plaintiff Sy Vucic

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| SY VUCIC,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, a California Corporation; HYUNDAI MOTOR COMPANY, a foreign corporation, and DOES 1 - X AND ROE CORPORATIONS 1 - X inclusive,<br><br>Defendants. | CASE NO: A-26-942253-C<br><br>DEPARTMENT: 8<br><br>SUMMONS FOR HYUNDAI MOTOR AMERICA |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

**Hyundai Motor America** c/o Registered Agent
112 North Curry Street
Carson, City, Nevada 89703

If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

1. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court. A filing fee is required.

2. Serve a copy of your response upon the attorney whose name and address is shown below.

Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued By:

Thomas Friedman, Esq.

/s/ Thomas Friedman, Esq.

Thomas Friedman, Esq. (Bar #7708)
PRECISION INJURY LAW
5528 South Fort Apache Road
Las Vegas NV 89148
(702) 942-3900
(702) 942-3901 FAX
Attorneys for Plaintiffs
SY VUCIC

Deputy Clerk of the Court

4/21/2026

Deputy Clerk of the Court
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

Demond Palmer

NOTE: When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure, Rule 4(b).

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| SY VUCIC,<br><br>Plaintiff,<br>v.<br><br>HYUNDAI MOTOR AMERICA, a California Corporation; HYUNDAI MOTOR COMPANY, a foreign corporation, and DOES 1 - X AND ROE CORPORATIONS 1 - X inclusive,<br><br>Defendants. | CASE NO.: A-26-942253-C<br><br>DEPARTMENT: 8 |

## DECLARATION OF SERVICE

Robert Deale declares and says:

That at all times herein, Declarant was and is a citizen of the United States, over eighteen years of age, not a party to nor interested in the proceedings in which this declaration is made, and is authorized to perform private investigations and to serve process in Nevada under License No. 1088.

That on April 24, 2026 Declarant received a SUMMONS FOR HYUNDAI MOTOR AMERICA and COMPLAINT that were to be served to HYUNDAI MOTOR AMERICA by leaving a copy at Corporation Service Company, Registered Agent, 112 N. Curry Street, Carson City, NV 89703.

That on April 27, 2026 at 12:46 PM, Declarant effected service on HYUNDAI MOTOR AMERICA by leaving a copy of the aforementioned document with Kris Osborn, Clerk at Corporation Service Company, Registered Agent, 112 N. Curry Street, Carson City, NV 89703.

Per NRS 53.045: I declare under penalty of perjury that the foregoing is true and correct.
Dated this 29th day of April, 2026 .

[signature]
Robert Deale, Declarant

American Investigators
American Process Service
10580 N. McCarran Blvd. #115-130
Reno, NV 89503
(775) 337-1117
NV License #1088